# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2021

Lyle W. Cayce
Clerk

No. 20-10769
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

George Whitehead, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-11-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

George Whitehead, Jr., federal prisoner #35653-177, appeals the district court's denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In that motion, Whitehead argued that he should be granted compassionate release because of his underlying medical

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

conditions, which put him at an increased risk of serious illness or death due to COVID-19.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (internal quotation marks and citation omitted).

Whitehead argues that he is eligible for compassionate release because his medical conditions qualify as extraordinary and compelling reasons to reduce his sentence, given the spread of COVID-19 at his prison facility. The Government concedes that Whitehead has demonstrated extraordinary and compelling reasons for compassionate release on account of his medical conditions, and we accept that concession. *See United States v. Courtney*, 979 F.2d 45, 51 (5th Cir. 1992).

But the district court determined that even if Whitehead's medical conditions qualified as extraordinary and compelling reasons, it still would not grant a sentence reduction. Noting Whitehead's extensive criminal record, his assaultive behavior, his possession of firearms, and the court's concern that reducing Whitehead's sentence would minimize the seriousness of Whitehead's conduct, the court weighed the 18 U.S.C. § 3553(a) factors and concluded that it would not grant a sentence reduction.

When considering a motion for a reduction of sentence under § 3582(c), the district court "is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Chambliss*, 948 F.3d at 693 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). We thus "give deference" to the district court's application of the § 3553(a) factors. *See id.*

No. 20-10769

Whitehead's contention that the district court abused its discretion by not considering his medical conditions is refuted by the record, as is his contention that the district court failed to weigh the § 3553(a) factors. Further, Whitehead's argument that the district court should have considered § 3553(a)(2)(D) reflects nothing more than a disagreement with the district court's balancing of the sentencing factors, which is insufficient to establish an abuse of discretion and "not a sufficient ground for reversal." *Id.* at 694.

Accordingly, we AFFIRM the district court's judgment. Whitehead's motion to appoint counsel, his request for emergency judicial notice, and his motion to expedite the appeal are DENIED AS MOOT.